UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

ISAIAH JENKINS                                                                                     Plaintiff

v.                                                       Civil Action No. 3:17-cv-00151-RGJ

LOUISVILLE-JEFFERSON COUNTY
METRO GOVERNMENT, ET AL.                             Defendants

\* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

Plaintiff Isaiah Jenkins brings this action against Defendants Louisville-Jefferson County Metro Government ("Louisville Metro") and Louisville Metro Police Department detectives Scott Beatty and Emily McKinley, asserting claims for relief under 42 U.S.C. § 1983 and Kentucky common law. [DE 17, Am. Compl.]. Defendants move to dismiss Jenkins's Amended Complaint. [DE 18]. Briefing is complete, and the matter is ripe for judgment. [*See* DE 19, Response; DE 20, Reply]. For the reasons below, the Court **DENIES** Defendants' Motion.

## BACKGROUND

The facts are set out in the Amended Complaint and accepted as true for the present Motion. *See Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citations omitted). The facts remain unchanged from the Court's January 9, 2018 Order and will not be repeated here except if necessary for resolution of this Motion. *See Jenkins v. Louisville-Jefferson Cty. Metro Gov't*, No. 3:17-cv-151-DJH, 2018 WL 345119 (W.D. Ky. Jan. 9, 2018).

In 2015, Jenkins was arrested and charged with complicity to commit murder and complicity to commit robbery. [DE 17 at ¶¶ 48–62]. The charges arose from a shooting at a social gathering Jenkins attended with his friend Maunyeh Haggard. *Id.* at ¶¶ 10–25. Jenkins was eventually indicted by a grand jury. *Id.* at ¶ 77. Jenkins alleges that the arrest and

indictment were based on reports prepared by detectives Beatty and McKinley that contained misstatements and Beatty's grand jury testimony that contained false and misleading statements. *Id.* at ¶¶ 57–80. Jenkins later entered an agreement with the Commonwealth in which he stipulated, in exchange for dismissal of the charges, that there was probable cause for his arrest. [DE 5-2].

Jenkins filed this action in Jefferson County Circuit Court. [DE 1-2]. In his original Complaint, Jenkins asserted four claims against Beatty and McKinley: (1) malicious prosecution under § 1983, (2) malicious prosecution under Kentucky common law, (3) fabrication of evidence under § 1983, and (4) failure to intervene under § 1983. *Id.* at 17–20. Jenkins also asserted a § 1983 claim against Louisville Metro for its allegedly unconstitutional policies, customs, or practices. *Id.* at 20.

Defendants removed the action to this Court. [DE 1]. On January 9, 2018, the Court dismissed Jenkins's federal and state-law claims for malicious prosecution, finding that Jenkins's stipulation of probable cause in the state-court action barred those claims. *See Jenkins*, 2018 WL 345119. Additionally, although Jenkins incorrectly pleaded his fabrication-of-evidence claim under the Fourteenth Amendment, the Court allowed Jenkins the opportunity to file an amended complaint to plead the Fourth Amendment claim correctly. *See id.*

Jenkins filed an Amended Complaint in which he corrected his fabrication-of-evidence pleading. [*See* DE 17]. Defendants now move to dismiss the Amended Complaint under Federal Rule of Civil Procedure 12(b)(6). [DE 18]. Jenkins filed a timely Response [DE 19], and Defendants filed a timely Reply [DE 20].

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) instructs that a court must dismiss a complaint if the complaint "fail[s] to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6). To state a claim, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). When considering a motion to dismiss, courts must presume all factual allegations in the complaint to be true and make all reasonable inferences in favor of the non-moving party. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citation omitted). "But the district court need not accept a bare assertion of legal conclusions." *Tackett*, 561 F.3d at 488 (citation omitted). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted).

To survive a motion to dismiss, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "A complaint will be dismissed . . . if no law supports the claims made, if the facts alleged are insufficient to state a claim, or if the face of the complaint presents an insurmountable bar to relief." *Southfield Educ. Ass'n v. Southfield Bd. of Educ.*, 570 F. App'x 485, 487 (6th Cir. 2014) (citing *Twombly*, 550 U.S. at 561–64).

# DISCUSSION

## A. The Elements of a Fabrication-of-Evidence Claim

In support of their Motion to Dismiss, Defendants argue that Jenkins cannot satisfy the elements of his fabrication-of-evidence claim. [DE 18-1 at 148–49]. "The basis of a fabrication-of-evidence claim under § 1983 is an allegation that a defendant 'knowingly fabricated evidence against [a plaintiff], and [that] there is a reasonable likelihood that the false evidence could have affected the judgment of the jury.'" *Mills v. Barnard*, 869 F.3d 473, 484 (6th Cir. 2017) (quoting *Stemler v. City of Florence*, 126 F.3d 856, 872 (6th Cir. 1997) (alternations in original)). Defendants contend that because the criminal action against Jenkins did not go to trial, "he cannot establish that 'the false evidence could have affected the judgment of the jury,'" and his fabrication-of-evidence claim, therefore, fails as a matter of law. [DE 18-1 at 149 (quoting *Mills*, 869 F.3d at 484)].

Defendants incorrectly state Jenkins's burden. An individual seeking relief for his pretrial detention pursues a fabrication-of-evidence claim under the Fourth Amendment, which allows an individual to pursue such a claim even if the criminal action does not go on to trial. *See Manuel v. City of Joliet, Ill.*, 137 S. Ct. 911, 920 (2017) ("[T]he Fourth Amendment governs a claim for unlawful pretrial detention."); *see also Jenkins*, 2018 WL 345119 at *8. "By contrast . . . once a trial has occurred, the Fourth Amendment drops out: A person challenging the sufficiency of the evidence to support both a conviction and any ensuing incarceration does so under the Due Process Clause of the Fourteenth Amendment." *Manuel*, 137 S. Ct. at 920 n.8. *Manuel* thus dictates that an individual may pursue a fabrication-of-evidence claim under § 1983 even though the criminal action against him did not go to trial. To hold otherwise would

collapse the two stages of a fabrication-of-evidence claim and bar any plaintiff alleging pretrial fabrication of evidence, as Jenkins does here. [*See* DE 17 at ¶¶ 81–87].

Sixth Circuit precedent supports this conclusion. Defendants cite *Mills* for the proposition that Jenkins must have been convicted to proceed with a fabrication-of-evidence claim. [DE 18-1 at 149]. However, *Mills* concerned a Fourteenth Amendment fabrication-of-evidence claim that had proceeded to trial. *See* 869 F.3d at 478, 484. Even so, the Sixth Circuit has consistently recognized fabrication-of-evidence claims by individuals who did not face trial in the underlying criminal proceeding. *See, e.g.*, *France v. Lucas*, 836 F.3d 612, 629 (6th Cir. 2016); *Webb v. United States*, 789 F.3d 647, 667–68 (6th Cir. 2015); *Mott v. Mayer*, 524 F. App'x 179, 184–85 (6th Cir. 2013). Defendants' argument is therefore unavailing, and the fact that the state-court action did not go to trial does not bar Jenkins's fabrication-of-evidence claim.

**B.**  **Stipulation of Probable Cause**

Defendants also contend that Jenkins's stipulation of probable cause in the state-court proceeding bars his fabrication-of-evidence claim. [DE 18-1 at 147–148]. Defendants cite *Robertson v. Lucas*, in which the Sixth Circuit held that "because there was probable cause to arrest and detain appellants, they cannot prevail on their fabrication of evidence claim as they were not wrongfully seized." 753 F.3d 606, 619 (6th Cir. 2014). Defendants contend that by stipulating to probable cause, Jenkins acknowledged the existence of probable cause to detain him, and thus his fabrication-of-evidence claim is barred. [DE 18-1 at 148].

Despite the holding in *Robertson*, Defendants' analysis is firmly rejected by more recent Sixth Circuit precedent.[1] In *Webb*, the Sixth Circuit held that "even if independent evidence establishes probable cause against a suspect, it would still be unlawful for law-enforcement

---

[1] In any event, *Robertson* is distinguishable from this case. The *Robertson* court found that probable cause existed to arrest the plaintiffs. 753 F.3d at 619. *Robertson* did not address whether a stipulation of probable cause establishes actual probable cause for a fabrication-of-evidence claim. *Id.*

5

officers to fabricate evidence in order to strengthen the case against that suspect." 789 F.3d at 670; *see also France*, 836 F.3d at 629 ("A plaintiff does not need to show that the government lacked probable cause to prevail on a fabrication of evidence claim."). Contrary to Defendants' assertion, *Webb* and *France* addressed Fourth Amendment fabrication-of-evidence claims, as the plaintiffs in those decisions were challenging their pretrial detention. *France*, 836 F.3d at 629; *Webb*, 789 F.3d at 656; *see generally Manuel*, 137 S. Ct. at 920. Thus, Jenkins "need not . . . show that the government lacked probable cause" to prevail on his Fourth Amendment fabrication-of-evidence claim. *France*, 836 F.3d at 629. Jenkins's stipulation of probable cause is therefore irrelevant to that claim.

In addition, Defendants' argument conflates two separate claims under the Fourth Amendment: a malicious-prosecution claim and a fabrication-of-evidence claim. "[A] malicious-prosecution claim and a fabrication-of-evidence claim have different elements—most notably, that [the former] requires a plaintiff to prove that there was a lack of probable cause to support the criminal charges and the [latter] does not." *Hoskins v. Knox Cty., Ky.*, No. 17-84-DLB-HAI, 2018 WL 1352163, at *6 (E.D. Ky. Mar. 15, 2018). Thus, while Jenkins's stipulation of probable cause barred his malicious-prosecution claim, *see Jenkins*, 2018 WL 345119 at *4–5, the stipulation does not similarly bar his fabrication-of-evidence claim. Jenkins may thus proceed with his fabrication-of-evidence claim.

**C.     Jenkins's Remaining § 1983 Claims**

Finally, Defendants' only basis for dismissing Jenkins's failure-to-intervene and municipal-liability claims is that Jenkins failed to plead the requisite underlying constitutional violation. [DE 18-1 at 149]. *See also Stiles v. Grainger Cty., Tenn.*, 819 F.3d 834, 855 (6th Cir. 2016) ("[A] prerequisite of supervisory liability under § 1983 is unconstitutional conduct by a

6

subordinate of the supervisor." (alteration in original) (quoting *McQueen v. Beecher Cmty. Schs.*, 433 F.3d 460, 470 (6th Cir. 2006))). Because Jenkins has alleged facts that appear to support a Fourth Amendment fabrication-of-evidence claim, the Court declines to dismiss Jenkins's remaining claims on that basis. As Defendants present no arguments on the substance of Jenkins's remaining claims, and because the Complaint is viewed in the light most favorable to Jenkins, *Hill*, 409 F.3d at 716, Jenkins may continue to pursue his remaining § 1983 claims.

## CONCLUSION

For the reasons set forth above, and the Court being otherwise sufficiently advised, **IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss [DE 18] is **DENIED**.

Cc:     Counsel of record